UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CONTIGUITY, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **CONDUENT BUSINESS SERVICES, LLC**, <br><br> Defendant. | Civil Action No. 6:23-cv-00038 <br><br> **Jury Trial Demanded** |

**REPLY IN SUPPORT OF DEFENDANT CONDUENT
BUSINESS SERVICES, LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. The Claims of the '084 Patent Are Directed to Ineligible Subject Matter.............. 1

        1. The '084 Patent Claims Merely Recite an Abstract Idea, and Thus Fail *Mayo/Alice* Step One. ............................................................................ 1

            a) The '084 Patent Merely Applies Generic Computer Technology to an Activity Conventionally Performed by Humans ................................................................................................ 2

            b) The '084 Patent Claims are Not Directed to an Improvement in Computer Functionality, But Merely Recite "Collecting Information, Analyzing It, and Displaying Certain Results".......... 3

            c) Contiguity's Alleged "Improvements Over the Prior Art" are Irrelevant ................................................................................. 5

            d) Contiguity Improperly Imports Limitations From the '084 Patent's Specification into the Claims ........................................... 6

        2. The Claims Fail to Recite an Inventive Concept, and Thus Fail Step Two of the *Mayo/Alice* Test.......................................................................... 7

            a) Contiguity Fails to Plead Any Factual Allegations that the Claims Recite an Inventive Concept.............................................. 7

            b) Contiguity fails to Cite to Any Factual Allegations that the Claimed Solution was Not Conventional...................................... 8

            c) Contiguity Fails to Identify a Single Case with Similar Claims That Were Found Patent Eligible.................................................... 9

    B. Contiguity's Infringement Allegations Should Be Dismissed Because They Are Predicated on Interpretations Not Supported Under 35 U.S.C. § 112. .......... 11

    C. Contiguity Concedes Does Not Have a Basis to Allege Pre-Suit Knowledge of the '084 Patent in its Complaint. ..................................................................... 13

    D. The Court Should Not Grant Contiguity Leave to Amend its Complaint ............ 13

III. CONCLUSION.................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013) .................................................................................................7

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................................13

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    573 U.S. 208 (2014) ........................................................................................................ passim

*Ancora Techs., Inc. v. HTC Am., Inc.*,
    908 F.3d 1343 (Fed. Cir. 2018) .................................................................................................4

*AuthWallet, LLC v. Block, Inc.*,
    602 F.Supp.3d 620 (S.D.N.Y. May 3, 2022) .............................................................................3

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018) ..............................................................................6, 9, 10, 11

*Boom! Payments, Inc. v. Stripe, Inc.*,
    839 F. App'x. 528 (Fed. Cir. 2021) ........................................................................................6, 9

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .................................................................................................11

*Castlemorton Wireless, LLC v. Bose Corp.*,
    No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ............................13

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
    927 F.3d 1316 (Fed. Cir. 2019) .................................................................................................3

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
    935 F.3d 1341 (Fed. Cir. 2019) .................................................................................................9

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) ...................................................................................................7

*Credit Acceptance Corp. v. Westlak Servs.*,
    859 F.3d 1044 (Fed. Cir. 2017) .................................................................................................3

*CyberSource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir.2011) ..................................................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)..................................................................................4, 8

*Enco Sys., Inc. v. DaVincia, LLC*,
  845 F. App'x. 953 (Fed. Cir. 2021) ..................................................................................9

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)........................................................................................3

*Hawk Tech. Systems, LLC v. Castle Retail, LLC*,
  2023 WL 2054379 (Fed. Cir. Feb. 17, 2023) ...............................................................4, 5

*Mayo Collaborative Servs. v. Prometheus Labs, Inc.*,
  132 S.Ct. 1289 (2012).......................................................................................................1

*NetSoc, LLC v. Match Group, LLC*,
  838 F. App'x. 544 (Fed. Cir. 2020) ..................................................................................3

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015).........................................................................................3

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018).......................................................................................11

*PersonalWeb Techs. LLC v. Google LLC*,
  8 F.4th 1310 (Fed. Cir. 2021) ...........................................................................................3

*Riggs Tech. Holdings, LLC v. Cengage Learning, Inc.*,
  No. 2022-1468, 2023 WL 193162 (Fed. Cir. Jan. 17, 2023) ............................................4

*SAP Am., Inc. v. InvestPic, LLC*,
  898 F.3d 1167 (Fed. Cir. 2018)....................................................................................4, 9

*Simio, LLC v. FlexSim Software Prods., Inc.*,
  983 F.3d 1353 (Fed. Cir. 2020)....................................................................................6, 9

*Sound View Innovations, LLC v. Delta Air Lines, Inc.*,
  No. 19-659-CFC, 2020 WL 1667239 (D. Del. April 3, 2020) ........................…9, 10, 11

*Synopsys, Inc. v. Mentor Graphics Corp.*,
  839 F.3d 1138 (Fed. Cir. 2016)........................................................................................6

*Trading Techs. Int'l, Inc. v. IBG LLC*,
  921 F.3d 1084 (Fed. Cir. 2019)....................................................................................7, 8

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014)..........................................................................................5

*Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*,
  916 F.3d 1363 (Fed. Cir. 2019) ................................................................................................ 3

*Visual Memory LLC v. NVIDIA Corp.*,
  867 F.3d 1253 (Fed. Cir. 2017) ................................................................................................ 3

*Wireless Discovery LLC v. eHarmony, Inc.*,
  Nos. 22-480-GBW, 22-484-GBW, 2023 WL 1778656 (D. Del. Feb. 6, 2023) ......................... 8

**Statutes**

35 U.S.C. § 101 ........................................................................................................... *passim*

35 U.S.C. § 112 ............................................................................................................ 11, 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 6

**I.     INTRODUCTION**

Ignoring the two-step framework set forth by the Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), Plaintiff Contiguity, LLC's ("Contiguity") Opposition (Dkt. 10) to Conduent Business Services, LLC's ("Conduent") Motion to Dismiss. (Dkt. 7; "Motion"), merely recites conclusory statements that the claims of the U.S. Patent No. 8,031,084 ("the '084 Patent," Dkt. 1-1) "are inventive," recite "inventive aspects," and that its Complaint (Dkt. 1) "alleged facts to support its claims for infringement." *See* Dkt. 10 at 4, 10, 12. In failing to respond to Conduent's assertions that its Complaint is completely devoid of any factual allegations of Conduent's pre-suit knowledge of the '084 Patent Contiguity acknowledges that it has not plead facts to support any pre-suit liability for infringement of the '084 Patent.

This Court should grant Conduent's Motion and dismiss Contiguity's Complaint.

**II.    ARGUMENT**

  **A.     The Claims of the '084 Patent Are Directed to Ineligible Subject Matter.**

Although Contiguity's Opposition fails to clearly set out its analysis under the *Mayo/Alice* two-step framework, the claims of the '084 Patent are directed to an abstract idea and there is nothing "more" to support a finding of patent eligibility.[1]

    **1.     The '084 Patent Claims Merely Recite an Abstract Idea, and Thus Fail *Mayo/Alice* Step One.**

Under step one, the court must determine whether the claims are directed to a patent-ineligible abstract idea. *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 132 S.Ct. 1289, 1296–97 (2012). Even considering Contiguity's assertions in its Opposition, the claims of the '084 Patent are merely directed to the use of computers and cameras to automate the commonplace

---

[1] The parties are in agreement that claim 1 of the '084 Patent is representative. *See* Dkt. 7 at 4–5; *see also* Dkt. 10 at 8.

activity performed by law enforcement, ticketing speeding motorists. The claimed "automated" method of representative claim 1 comprises the functional steps of collecting information, analyzing it, and displaying/presenting certain results of the collection and analysis, and therefore, is directed to an abstract idea. Contiguity's Opposition puts forth several unavailing arguments regarding novelty and "inventive aspects," but importantly, it does not dispute this base characterization of the claims. *See* Dkt. 10 at 5, 7, 10.

a) <u>The '084 Patent Merely Applies Generic Computer Technology to an Activity Conventionally Performed by Humans</u>

As Contiguity explains, the '084 Patent claims are "in particular, [directed] to vehicle speed acquisition and citation such that a speeding infraction by a vehicle is detected and reported." Dkt. 10 at 4. Contiguity also acknowledges that "vehicle speed acquisition and citation" is a conventional method traditionally performed by law enforcement. *Id.* (citing Dkt. 1-1 at 1:65–2:18). Thus, the process of "*identifying* a [] vehicle," "*determining* the speed of the [] vehicle," "*generating* a citation [] when the speed of the [] vehicle exceeds a predetermined speed," and "*attempting to transmit* the citation [] to a [] person associated with the vehicle," are all steps that recite the basic human activity used by police to ticket speeding motorists. *See* Dkt. 1-1 at cl. 1 (emphasis added). Contiguity does not disagree, but asserts that because there are safety concerns for officers performing this activity, automation of this activity via computers and cameras, provides a "solution to a problem" and thus, an "improvement over the prior art." *See generally*, Dkt. 10 at 4, 7–10; *see e.g.*, *id.* at 7.[2]

Although Contiguity repeatedly asserts that the claimed invention of the '084 Patent is a

---

[2] Indeed, the '084 Patent explains that "a computer program utilized by the Subscriber to display speeding violations [] allows the police office to be safely positioned outside of the traffic area and then allows *the police officer in vehicle 150 to find and stop the speeder*," which still places the officer in the flow of traffic and in harm's way. Dkt. 1-1 at 4:27–29 (emphasis added).

"solution" and an "improvement," this is irrelevant to the § 101 inquiry because the "claimed process merely automates that which can be done manually." *Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019). The Federal Circuit has consistently held that claims using computers to automate activities which can be manually performed by humans are abstract ideas and are ineligible. *See NetSoc, LLC v. Match Group, LLC*, 838 F. App'x. 544, 549 (Fed. Cir. 2020) ("[T]he '107 patent claims are quintessential 'apply it with a computer' claims."); *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1319 (Fed. Cir. 2021) (finding that claims fail *Alice* step two where they "merely 'automate or otherwise make more efficient traditional ... methods.'") (quoting *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015)); *Credit Acceptance Corp. v. Westlak Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) ("[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology."); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1316 (Fed. Cir. 2019).

    b) <u>The '084 Patent Claims are Not Directed to an Improvement in Computer Functionality, But Merely Recite "Collecting Information, Analyzing It, and Displaying Certain Results"</u>

"The Federal Circuit has provided specific guidance for assessing patents involving computer technology at this first step." *AuthWallet, LLC v. Block, Inc.*, 602 F.Supp.3d 620, 630 (S.D.N.Y. May 3, 2022). Specifically, the Federal Circuit has instructed that at *Mayo/Alice* step one a court must "ask whether the claims are directed to an improvement to *computer functionality* versus being directed to an abstract idea." *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1258 (Fed. Cir. 2017) (emphasis added) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)). "[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology." *Credit Acceptance*, 859 F.3d at 1055. In order for a claim "directed to a solution to a computer-functionality problem" to pass

muster under *Mayo/Alice* step one, an asserted improvement in computer functionality, must have "the specificity required to transform a claim from one claiming only a result to one claiming a way of achieving it." *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1349 (Fed. Cir. 2018) (citing *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1167, 1055 (Fed. Cir. 2018)).

Contiguity has not alleged that the '084 Patent claims are in any way directed to an improvement in computer functionality. The only "improvement" Contiguity alleges is an unspecified "improvement over the prior art." Dkt. 10 at 4, 11, 12. Contiguity has made no argument as to why the '084 Patent recites more than the mere automation of a manual process using generic cameras and computer technology. Notably, none of the limitations of representative claim 1 even require any *specific devices or computer components* and the specification only discloses generic cameras and computer technology. *See* Dkt. 1-1 at cl. 1; *see also* Dkt. 10 at 7 and Dkt. 7 at 12–14. The claims of the '084 Patent "do[] not address a problem necessarily rooted in computer technology in order to solve a specific problem in the realm of computer [technology]." *Riggs Tech. Holdings, LLC v. Cengage Learning, Inc.*, No. 2022-1468, 2023 WL 193162, *2 (Fed. Cir. Jan. 17, 2023).

The claimed "automated" method of representative claim 1 ultimately comprises the functional steps of "collecting information, analyzing it, and displaying[/presenting] certain results of the collection and analysis." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). The Federal Circuit has repeatedly held that these types of claims are directed to an abstract idea. Even as recently as last month, following the filing of the Motion, the Federal Circuit reiterated that claims "directed to a method of receiving, displaying, converting, storing, and transmitting digital video 'using result-based functional language'" are patent ineligible. *Hawk Tech. Systems, LLC v. Castle Retail, LLC*, No. 2022-1222, 2023 WL 2054379, * 5 (Fed. Cir. Feb.

314813306.1

17, 2023). The post-Motion *Hawk Tech. Systems* opinion confirms that the '084 Patent claims are directed "to the abstract idea of collecting information, analyzing it, and displaying certain results of the collection and analysis." *See generally* Dkt. 7 at 1, 6, 7, 14. Contiguity fails to distinguish *Hawk Tech. Systems* or **any** of the cases Conduent cited to in its Motion, purporting that the claims of the '084 Patent are similar to those which have been found to be ineligible under 35 U.S.C. § 101. Dkt. 10 at 9.

Contiguity alleges that ". . . reporting [the] speed, identity and location of the vehicle to a police vehicle or other user via, for example, [is accomplished via use of] the Internet, text messaging, Web page, e-mail." *Id.* at 7 (citing Dkt. 1-1 at 4:13–29). But Contiguity cites to the specification, not the claims. What is more, the Federal Circuit has held that "[t]he claims' invocation of the Internet also adds no inventive concept." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014) ("As we have held, the use of the Internet is not sufficient to save otherwise abstract claims from ineligibility under § 101.") (citing *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1370 (Fed. Cir.2011)).

        c)    <u>Contiguity's Alleged "Improvements Over the Prior Art" are Irrelevant</u>

Contiguity's Opposition repeatedly alleges that the '084 Patent claims a "solution" which is an "improvement over the prior art." *See generally* Dkt. 10 at 4, 8, 9, 11, 12. While the specification identifies safety concerns for police officers (i.e., the alleged "problem"), Contiguity does not actually point to anything in the specification that could be interpreted as a factual allegation that the claimed method of using computers and cameras to ticket speeding motorists, was *not* present in the prior art at the time of the invention. Additionally, Contiguity's argument that a lack of "record evidence" amounts to a factual allegation is absurd. *Id.* at 11–12.

Contiguity's conclusory statements in its Opposition regarding the state of the "prior art,"

are baseless. *See Boom! Payments, Inc. v. Stripe, Inc.*, 839 F. App'x. 528, 533 (Fed. Cir. 2021) ("[W]hile we are required to accept the plaintiff's allegations as true in reviewing the grant of a motion to dismiss, we disregard conclusory statements when evaluating a complaint under Rule 12(b)(6).") (citing *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020)). Any "improvements" disclosed in the specification must be "captured in the claims," and Contiguity does not point to claim language when describing the alleged "improvements." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018).

Contiguity's allegations of "claimed improvements over the prior art" relate to the alleged *novelty* of the claimed invention, which is irrelevant under a § 101 analysis. *See Simio*, 983 F.3d at 1364 ("'[A] claim for a *new* abstract idea is still an abstract idea.'") (emphasis in original; quoting *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016)).

    d. <u>Contiguity Improperly Imports Limitations From the '084 Patent's Specification into the Claims</u>

Other than a recitation of the representative claim 1 on page 8, Contiguity's Opposition is devoid of the actual claim language. In Contiguity's repeated quotations and citations to the specification, it argues based on the presumption that this Court will improperly import limitations into the claims. For example, Contiguity alleges that the "claimed improvement" includes the step of "automatically issuing a citation[]" to a vehicle's owner. Dkt. 10 at 12. However, none of the independent claims include this "automatic" limitation as part of the final step, which in actuality recites: "*attempting to transmit* the citation signal to a device of a person associated with the vehicle." Dkt. 1-1 ('084 Patent at cls. 1, 8, 15)[3] (emphasis added).

Contiguity makes other false statements, such as its commentary about "a claimed improvement, namely [] in 'providing accurate information concerning congestion.'" Dkt. 10

---

[3] Unlike claims 1 and 15, claim 8 uses the term "communicate" in place of the term "transmit."

314813306.1

at 11. None of the claims recite limitations that address this concept. Contiguity takes statements from the specification and alleges they are "claimed" in its effort to convince the court that the claims of the '084 Patent are patent eligible. The Federal Circuit has explained that this is improper. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019); *see also Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013).

Even with Contiguity's focus on the '084 Patent's specification, Contiguity fails to allege any facts, that if taken as true, reveal that the claims are directed to patent eligible subject matter. The claims are directed to "determining vehicle speed and ticketing speeding motorists," and even when considered in light of the specification, reveals that "character of the claim as a whole . . .[are] directed to excluded subject matter." *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019).

For these reasons, the '084 Patent claims are directed to an abstract idea under step one.

    **2.    The Claims Fail to Recite an Inventive Concept, and Thus Fail Step Two of the *Mayo/Alice* Test.**

The Supreme Court has described step two "as a search for an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice mounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 573 U.S. at 217–18 (internal quotations omitted). Contiguity's alleged inventive concepts are nothing more than the same abstract ideas identified at step one, and its arguments are not compelling.

    a)    <u>Contiguity Fails to Plead Any Factual Allegations that the Claims Recite an Inventive Concept</u>

Contiguity makes several conclusory statements that the '084 Patent recites an inventive concept, but importantly, does not state what exactly the *inventive concept* actually is. *See generally* Dkt. 10 at 10–1. Contiguity's entire section on this point, which is devoted to alleged "inventive *aspects*," fails to point to any individual or combination of actual claim elements that it

314813306.1

contends amount to an "inventive concept." *Id.* Instead, Contiguity rehashes the same arguments while quoting the specification—i.e., the "improvement over the prior art." *Id.* at 11. *See Wireless Discovery LLC v. eHarmony, Inc.*, Nos. 22-480-GBW, 22-484-GBW, 2023 WL 1778656, *11 (D. Del. Feb. 6, 2023) ("Tellingly, [Plaintiff] only cites to the specification in its brief, not to the claims, to support its bare assertions that the asserted patents recite an inventive concept.").

Contiguity's alleged inventive concepts are merely rephrasing the abstract idea and saying it is an inventive concept, which does not make it so. *Wireless Discovery*, 2023 WL 1778656 at *11 (citing *Trading Techs.*, 921 F.3d at 1093 ("[t]he abstract idea itself cannot supply the invention concept, 'no matter how groundbreaking the advance.'") (internal citations omitted)).

    b) <u>Contiguity fails to Cite to Any Factual Allegations that the Claimed Solution was Not Conventional</u>

The alleged "improvement over the prior art" is merely the application of computers and cameras to automate the ticketing of speeding motorists, resulting in an "automated" method comprising the functional steps of collecting information, analyzing it, and displaying/presenting certain results. None of the claim elements individually or as an ordered combination transform the claim into patent eligible subject matter. *Alice*, 573 U.S. at 217 (internal quotations omitted). Simply appending conventional steps, specified at a high level of generality, is not enough to supply an "inventive concept." *Id.* at 222 (internal quotations omitted).

Contiguity's Opposition repeatedly asserts that its claims are not routine or conventional but does not provide any plausible factual allegations to support those assertions.

Nothing in representative claim 1 requires anything other than "off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information." *Electric Power*, 830 F.3d at 1355; *see* Dkt. 10 at 7 and Dkt. 7 at 12–14 (both citing to the '084 Patent specification). The use of generic computer technology and cameras, which was

readily available at the time of the claimed invention, cannot amount to an "inventive concept" that could "transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 573 U.S. at 223.

Even if Contiguity's allegations that the use of cameras and computers for "automating" the process of ticketing speeding motorists was a sufficient factual allegation and taken as true, the combination of elements does not supply a sufficiently inventive concept. *See also*, *Enco Sys., Inc. v. DaVincia, LLC*, 845 F. App'x. 953, 958 (Fed. Cir. 2021) ("We have explained that satisfying the requirements of non-obviousness does not imply eligibility under § 101, including under the second step of the *Alice* inquiry, because what may be non-obvious can still be abstract.") (citing *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348–49 (Fed. Cir. 2019); *SAP Am.*, 898 F.3d at 1163); *see also Boom! Payments*, 839 F. App'x. at 533 (citing *Simio*, 983 F.3d at 1365).

c) <u>Contiguity Fails to Identify a Single Case with Similar Claims That Were Found Patent Eligible</u>

The Federal Circuit has explained that when evaluating claims under *Mayo/Alice*, courts typically examine cases in which a similar or parallel descriptive nature can be seen as part of their abstract idea analysis. *Chamberlain*, 935 F.3d at 1346–47. In addition to failing to distinguish the '084 Patent claims from cases invalidating similar patent claims, cited by Conduent, it is telling that Contiguity did not identify a single case where similar claims were found to be patent eligible under 35 U.S.C. § 101.

The cases cited in the Opposition in fact undermine Contiguity's position. For example, on page 3 of its Opposition, Contiguity quotes *Berkheimer*, 881 F.3d and *Sound View Innovations, LLC v. Delta Air Lines, Inc.*, No. 19-659-CFC, 2020 WL 1667239, *2 (D. Del. April 3, 2020), seemingly suggesting that in the "context of computer-related technology" courts have found

claims patent eligible (1) when they "recite a claim recites an inventive concept 'when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry,'"[4] or (2) "determined that it need not and [] 'decide whether the asserted patents are directed to abstract ideas because statements in the specifications of the asserted patents that are alleged or incorporated by reference in the complaints plausibly establish that the asserted claims contain an inventive concept.'"[5] Contiguity does not suggest that the '084 Patent claims are similar to those of *Berkheimer* or *Sound View*, but a review of these opinions reveals dispositive distinctions.

In *Berkheimer*, the district court found that the claims were directed to an abstract idea and granted summary judgment. 881 F.3d at 1362. However, the Federal Circuit reversed, finding a question of fact existed regarding whether the claim limitations contained the alleged inventive concept of technological improvements to the computer. *Id.* at 1370. Furthermore, the court explained, "[t]he specification describes an inventive feature that stores parsed data in a purportedly unconventional manner [which] eliminates redundancies, improves system efficiency, reduces storage requirements, and enables a single edit to a stored object to propagate throughout all documents linked to that object." *Id.* at 1369. Moreover, in analyzing the asserted claims to determine whether they capture these improvements in computer technology, the court found "[c]laims 4–7 [] contain limitations directed to the arguably unconventional inventive concept described in the specification." *Id.* at 1370. The Federal Circuit therefore determined that the specification's generated questions of fact regarding the claimed improvements to computer technology and remanded the case for further proceedings. *Id.* at 1370–1371. Unlike the patent in

---

[4] Dkt. 10 at 3 (quoting *Berkheimer*, 881 F.3d at 1367).
[5] *Id.* (quoting *Sound View*, 2020 WL 1667239 at *2).

*Berkheimer*, Contiguity has *not* argued that the claims of the '084 Patent are directed to an improvement in computer technology. Contiguity's assertions are limited to the improvements to the conventional activity of manually ticketing speeding motorists: automation the human activity via the use of computers and cameras. Dkt. 10 at 4, 7. Furthermore, the specification simply recites the use of generic computer technology, cameras, mobile devices, and the internet and is devoid of any statements concerning improvements to this technology. *See id.* at 4–5, 7.

Similarly, the district court in *Sound View* identified numerous statements within the specification of the patents at issue that alleged improvements to the functionality of the claimed software applications and processing systems and denied Defendants' motion to dismiss. 2020 WL 1667239 at *2, 4; *see e.g.*, *id.* at *3–4 ("[The] main memory database allows for reliable realtime processing because the database can store and access recovery information quickly enough to restart processing after a software failure without a backlog of unprocessed events accumulating" and determined that the claimed elements could contain this technological improvement.). Again, unlike the case Contiguity cites, Contiguity here has failed to allege that the claims recite the inventive concept of improvements to the generic computer technology, cameras, mobile devices, and the internet disclosed within the spec, and furthermore, has also not suggested that any "technological improvements" is contained within the claim elements.

### B. Contiguity's Infringement Allegations Should Be Dismissed Because They Are Predicated on Interpretations Not Supported Under 35 U.S.C. § 112.

Conduent argued that Contiguity does not map specific individual claim elements to any particular materials in the "Evidence of Infringement" section of its chart and for particular claim elements, "the factual allegations are actually inconsistent with and contradict infringement" (*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021)), or alternatively, the infringement allegation rests on an implausible claim construction, *Ottah v. Fiat Chrysler*, 884

F.3d 1135, 1141–42 (Fed. Cir. 2018). *See generally* Dkt. 1-2. Specifically, Conduent's Motion alleged that because the pleadings assert infringement based solely on a pair of images taken from the same camera, it fails to state a claim for direct infringement that is based on a plausible claim construction, and dismissal is appropriate. Dkt. 7 at 17–19. Contiguity's claim chart only includes evidence of a single camera at a single location, but as Conduent explained in its Motion, the claims, considered in light of the specification, require two imaging devices, each at a separate location (i.e., a predetermined distance apart), allowing for the vehicle's speed to be calculated as it passes from one image to another across time. *See Id.*; *see also* Dkt. 1-1 at Fig. 1.

Contiguity fails to address Conduent's assertions, and only makes conclusory statements. *See* Dkt. 10 at 12–13. However, in its response to Conduent's § 101 allegations, Contiguity explained that the claimed invention is "the *use of imaging devices to determine the speed of a vehicle* and automatically reporting that speed, identity and location of the vehicle to a police vehicle or other user via, for example, the Internet, text messaging . . ." *Id.* at 7 (emphasis added). Thus, based on Contiguity's characterization of the representative claim and its lack of response to Conduent's allegations about the "multiple imaging devices," "two locations" (i.e., a "first location" and a "second location"), and "speed calculation based on two images taken at two locations," it is apparent that Contiguity is in agreement regarding Conduent's claim construction. Since there is no dispute regarding claim construction at this stage, this Court can dismiss Contiguity's direct and indirect infringement claims because "the factual allegations are actually inconsistent with and contradict infringement," since the "Evidence of Infringement" section of Contiguity's claim chart shows Conduent's product only has a single camera, at a single location, and uses radar detection to determine speed. Even in old film cameras, multiple images would be taken once the radar detected a speeding vehicle. This reveals that Contiguity is attempting to read

the claims onto the prior art, and there is no plausible construction of the claims that would support a finding of infringement.

### C. Contiguity Concedes Does Not Have a Basis to Allege Pre-Suit Knowledge of the '084 Patent in its Complaint.

In its Opposition, Contiguity failed to address Conduent's allegations regarding its failure to plead *any fact* to support the conclusion that Conduent was aware, pre-suit, of Contiguity's belief that any Conduent acts constituted patent infringement. Therefore, this Court should dismiss any pre-suit indirect infringement claims. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *see also Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020).

### D. The Court Should Not Grant Contiguity Leave to Amend its Complaint

Contiguity cannot fix the fact that the '084 Patent claims ineligible subject matter, so any re-pleading on that point would be futile. Further, the lack of factual allegations of patentability in the specification coupled with Contiguity's improper conclusory statements, suggests that amending the Complaint would be futile. Contiguity's vague request for leave to re-plead provides no indication of how it will correct the deficiencies in the Complaint, and it should not be granted.

## III. CONCLUSION

The '084 Patent is invalid under 35 U.S.C. § 101; the infringement allegations are predicated on claim interpretations that are not supported under 35 U.S.C. § 112, and the Complaint lacks support for any pre-suit notice, meaning that any pre-suit indirect infringement allegations are not supported by plausibly alleged facts. Conduent's Motion to Dismiss should be granted, and the Complaint should be dismissed without leave to amend.

March 7, 2023                                        Respectfully submitted,

                                                      By: /s/ *Melissa Smith*
Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Benjamin E. Weed (admitted *pro hac vice*)
Gina A. Johnson (admitted *pro hac vice*)
Melissa M. Haulcomb (admitted *pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 781-7166
Fax: (312) 827-8000
benjamin.weed@klgates.com
gina.johnson@klgates.com
melissa.haulcomb@klgates.com

*Attorneys for Defendant Conduent Business Services, LLC.*

## CERTIFICATE OF SERVICE

    I declare that on March 7, 2023 a copy of this document has been served by the Court's CM/ECF system on all counsel of record who have made an appearance in this case and consented to email service.

                                                                                      /s/ *Melissa Smith*
                                                                                       Melissa Smith