**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **CONTIGUITY, LLC**, | |
| Plaintiff, | Civil Action No. 6:23-cv-00038 |
| v. | **Jury Trial Demanded** |
| **CONDUENT BUSINESS SERVICES, LLC,** | |
| Defendant. | |

**DEFENDANT CONDUENT BUSINESS SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF CONTIGUITY INC.'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.    BACKGROUND STATEMENT OF UNCONTESTED FACTS ....................................... 1

II.    PRELIMINARY STATEMENT ................................................................. 1

III.    LEGAL STANDARDS FOR DISMISSAL UNDER RULE 12(b)(6) ............................. 2

IV.    ARGUMENT ......................................................................................... 3

     A.     Contiguity's FAC Does Not Plead Any Additional Facts ...................................... 3

         1.     Mr. Rothschild Is Not Qualified As An Expert ......................................... 3

         2.     The FAC Quotes Extensively From The '084 Patent Specification And Makes Boilerplate Allegations And Conclusory Statements ............. 4

     B.     The '084 Patent Claims Are Directed To Ineligible Subject Matter ...................... 5

         1.     The '084 Patent Claims Merely Recite An Abstract Idea, And Thus Fail *Mayo/Alice* Step One ........................................................................... 5

             a)     The '084 Patent Claims Are Directed To Collecting, Analyzing, And Displaying Information, And Merely Automates That Which Is Performed By Humans ........................ 5

             b)     The '084 Patent Describes Its Claimed Method In Purely Functional Terms, Applying Only Conventional Generic Computer Technology ................................................................. 7

             c)     The FAC Alleges That The Claimed Method Is An Improvement Over The Prior Art, But Novelty Is Irrelevant Under § 101 ............................................................................ 9

         2.     The Claims Fail to Recite An Inventive Concept, And Thus, Fail Step Two Of The *Mayo/Alice* Test ................................................................. 12

             a)     The FAC Fails to Plead that the Claims Recite an Inventive Concept ........................................................................................ 12

             b)     Contiguity Fails To Cite To Any Factual Allegations That The Claimed Solution Was Not Conventional ...................................... 13

     C.     Contiguity's Infringement Allegations Should Be Dismissed Because They Are Predicated on Interpretations Not Supported Under 35 U.S.C. § 112. .......... 15

     D.     There is No Basis To Allege Pre-Suit Knowledge Of The '084 Patent In The FAC ................................................................................................. 19

     E.     The Court Should Not Grant Contiguity Leave To Amend Its Complaint Again ................................................................................................ 20

V.    CONCLUSION ......................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013)................................................................................11

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................20

*ALD Social, LLC v. Verkada, Inc.*,
   No. 23-cv-00049-JSC, 2023 WL 1802418 (N.D. Cal. Feb. 7, 2023) ......................16

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   573 U.S. 208 (2014)...............................................................................5, 12, 13, 14

*Ancora Techs., Inc. v. HTC Am., Inc.*,
   908 F.3d 1343 (Fed. Cir. 2018)...................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................1, 2, 3, 19

*Associated Builders, Inc. v. Alabama Power Company*,
   505 F.2d 97 (5th Cir. 1974) ........................................................................................5

*In re AuthWallet, LLC*,
   No. 2022-1842, 2023 WL 3330298 (Fed. Cir. May 10, 2023)....................................9

*Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*,
   687 F.3d 1266 (Fed. Cir. 2012)...................................................................................3

*Bartonfalls LLC v. Turner Broad. Sys., Inc.*,
   No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205 (E.D. Tex. Mar. 15, 2017) .........15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................1, 2, 19

*Bilski v. Kappos*,
   561 U.S. 593 (2010)......................................................................................................2

*Boom! Payments, Inc. v. Stripe, Inc.*,
   No. 19-cv-00590-VC, 2019 WL 6605314 (N.D. Cal. Nov. 19, 2019) ....................10

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) .............................................................................15, 16

*Castlemorton Wireless, LLC v. Bose Corp.*,
No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ..........................20

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
927 F.3d 1306 (Fed. Cir. 2019) ...................................................................................5, 9

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .............................19

*ChargePoint, Inc. v. SemaConnect, Inc.*,
920 F.3d 759 (Fed. Cir. 2019) .............................................................................11, 20

*Chhim v. Univ. of Tex. at Austin*,
836 F.3d 467 (5th Cir. 2016) ............................................................................19

*Citrix Sys., Inc. v. Avi Networks, Inc.*,
363 F. Supp. 3d 511 (D. Del. 2019) ..........................................................................20

*Credit Acceptance Corp. v. Westlak Servs.*,
859 F.3d 1044 (Fed. Cir. 2017) ...........................................................................7

*De La Vega v. Microsoft Corp.*,
Nos. W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411
(W.D. Tex. Feb. 11, 2020) ............................................................................15, 19

*Dealertrack, Inc. v. Huber*,
674 F.3d 1315 (Fed. Cir. 2012) ............................................................................2

*Elec. Power Grp., LLC v. Alstom S.A.*,
830 F.3d 1350 (Fed. Cir. 2016) ........................................................................6, 7, 14

*Elliott v. Foufas*,
867 F.2d 877 (5th Cir. 1989) .............................................................................2

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016) ............................................................................7

*Intendis GMBH v. Glenmark Pharms. Inc.*,
822 F.3d 1355 (Fed. Cir. 2016) ...........................................................................15

*IPA Techs., Inc., v. Amazon.com, Inc.*,
352 F. Supp. 3d 335 (D. Del. 2019) ..........................................................................10

*Mayo Collaborative Servs. v. Prometheus Labs, Inc.*,
132 S.Ct. 1289 (2012) ...................................................................................5

*NetSoc, LLC v. Match Group, LLC*,
838 F. App'x. 544 (Fed. Cir. 2020) ............................................................................9

iii

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018)......................................................................................15

*PersonalWeb Techs. LLC v. Google LLC*,
    8 F.4th 1310 (Fed. Cir. 2021) .........................................................................................9

*S.I.SV.EL. Societa Italiana per lo Sviluppo Dell'Elettronica S.P.A. v. Rhapsody Int'l*,
    Nos. 18-69-MN-CJB, 2019 WL 1785429 (D. Del. Apr. 24, 2019) .......................................13

*SAP Am., Inc. v. Investpic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018)....................................................................................8, 13

*Secured Mail Sols., LLC v. Universal Wilde, Inc.*,
    873 F.3d 905 (Fed. Cir. 2017)......................................................................................10

*Simio, LLC v. FlexSim Software Prods., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020)....................................................................................13

*Simpleair v. Sony Ericsson Mobile Commc'ns*,
    820 F.3d 419 (Fed. Cir. 2016)......................................................................................17

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-CV-243-H, 2021 WL 3030066 (N.D. Tex. July 2, 2021)...............................15, 19

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    839 F.3d 1138 (Fed. Cir. 2016)....................................................................................13

*Thales Visionix Inc. v. United States*,
    850 F.3d 1343 (Fed. Cir. 2017)......................................................................................6

*Thompson v. TCT Mobile, Inc.*,
    No.19-899-RGA-SRF, 2020 WL 1531333 (D. Del. Mar. 31, 2020)................................4, 20

*Trading Techs. Int'l, Inc. v. IBG LLC*,
    921 F.3d 1084 (Fed. Cir. 2019)..................................................................................12, 13

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014)........................................................................................3

*Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*,
    916 F.3d 1363 (Fed. Cir. 2019)......................................................................................9

*Visual Memory LLC v. NVIDIA Corp.*,
    867 F.3d 1253 (Fed. Cir. 2017)......................................................................................7

*Wireless Discovery LLC v. eHarmony, Inc.*,
    Nos. 22-480-GBW, 22-484-GBW, 2023 WL 1778656 (D. Del. Feb. 6, 2023)....................13

**Statutes**

35 U.S.C. § 101 ................................................................................................................ *passim*

35 U.S.C. § 102 ........................................................................................................................13

35 U.S.C. § 103 ........................................................................................................................13

35 U.S.C. § 112 ..............................................................................................................1, 15, 20

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1, 2

Fed. R. Evid. 702 ........................................................................................................................3

## I.      BACKGROUND STATEMENT OF UNCONTESTED FACTS

Plaintiff Contiguity, LLC ("Contiguity") filed this lawsuit on January 20, 2023 accusing Defendant Conduent Business Services, LLC ("Conduent") of direct and induced infringement of "one or more claims" of the U.S. Patent No. 8,031,084 ("the '084 Patent"; "Asserted Patent"). *See* Dkt. 1 ¶¶ 11, 15. On February 14, 2023, Conduent filed its First Motion to Dismiss ("MTD1"; Dkt. 7) the Complaint, which the Court granted on May 12, 2023. Dkt. 27 ("Order"). On June 9, 2023, Contiguity filed its First Amended Complaint ("FAC"). Dkt. 31.

Like its original Complaint, the FAC attaches a copy of the '084 Patent (Dkt. 31-1) and a claim chart purportedly explaining why Conduent infringes the '084 Patent. Dkt. 31-2. Unlike the original Complaint, Contiguity's FAC also attached a declaration from Mr. Leigh Rothschild, the sole inventor of the '084 Patent. Dkt. 31-3.

## II.     PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Conduent moves to dismiss the FAC for failure to state a claim because the '084 Patent is ineligible for patent protection under 35 U.S.C. § 101. As the Court has already concluded, the '084 Patent is directed to the "abstract concept of collecting and analyzing data, and merely mechanizes concepts capable of resolution by the human brain," and thus, is patent ineligible subject matter. Order at 6.

Contiguity's FAC simply adds quoted passages from the '084 Patent; passages that the court already considered when it granted Conduent's first motion. Thus, the FAC fails to add "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The FAC is also insufficient because it fails to allege facts to support any theory of infringement where the claims, as construed, would be supported by 35 U.S.C. § 112. Contiguity has made no

effort in its FAC to address its defective claim construction, which cannot plausibly be supported by the specification of the '084 Patent. Instead, Continuity merely added "underlining" to some of the text within its claim chart and enhances portions of select screenshots. *See* Dkt. 31-2. Thus, there is still no plausible construction of the claims of the '084 Patent that would support an allegation of infringement, so the FAC should be dismissed as to the merits of its infringement allegations.

Similarly, Contiguity's FAC has failed to add any factual support for its indirect infringement claims. Like the original Compliant, the FAC fails to plead pre-suit knowledge of the Asserted Patent and thus does not plead facts to support any pre-suit liability for infringement of the '084 Patent. Thus, Contiguity's claim for indirect patent infringement must be dismissed for the period before it filed the original Complaint.

Conduent respectfully requests oral argument on this Motion.

## III.   LEGAL STANDARDS FOR DISMISSAL UNDER RULE 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010); *see also Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 n.3 (Fed. Cir. 2012).

The § 101 inquiry is properly raised at the pleading stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring). This is particularly true where claim construction is not required to conduct a § 101 analysis. *Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012).

## IV.   ARGUMENT

### A.   Contiguity's FAC Does Not Plead Any Additional Facts

Contiguity's FAC does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In fact, the only amendments in the FAC (compared to the original Complaint) consist of verbatim quotations taken from a declaration from an interested, biased fact witness, i.e., the inventor (not opining as an expert), who simply regurgitates passages from the specification and makes threadbare assertions using phrases from 35 U.S.C. § 101 to describe the purported invention of the '084 Patent. *See generally*, Dkt. 31-3; *see also* Dkt. 31 ¶¶ 10–24. These boilerplate allegations and conclusory statements do not create sufficient facts that allege the '084 Patent claims are directed to patent eligible subject matter.

#### 1.   Mr. Rothschild Is Not Qualified As An Expert

In his declaration, Mr. Rothschild purports to offer "opinions,"[1] but notably, he does not express his belief as to the background of a person having ordinary skill in the art ("POSA"), nor does he make any effort to qualify himself as an expert witness. This fails the requirement of, inter alia, Rule 702 of the Federal Rules of Evidence. Mr. Rothschild's "opinions" are nothing more

---

[1] Dkt. 31-3 ¶ 6.

than self-serving statements of an inventor, purporting to be an expert on what constitutes patent

eligible subject matter, in an attempt to save his patent from a second dismissal under § 101.

### 2. The FAC Quotes Extensively From The '084 Patent Specification And Makes Boilerplate Allegations And Conclusory Statements

Contiguity's FAC includes 15 new paragraphs (¶¶ 10–24), all of which are taken verbatim

from the Mr. Rothschild's Declaration (¶¶ 8–22).[2] A review of these paragraphs reveals that they

are wholesale recitations of passages of the '084 Patent, coupled with boilerplate allegations and

conclusory statements in an attempt to create sufficient facts that allege the '084 Patent claims are

directed to patent eligible subject matter. Importantly, the court has already considered these

recitations of the '084 Patent specification when it dismissed the original Complaint.[3] All of these

passages in the '084 Patent still confirm that the claims are directed to an abstract idea and do not

recite an inventive concept. *See* Order at 8, 10.

Furthermore, Mr. Rothschild's statements regarding "inventive concepts," purported

improvements over the prior art, allegations that claim 1 was not "well-understood, routine, and

conventional," etc., are nothing more than mere boilerplate allegations and conclusory statements

provided by an interested party opining as a non-expert. *See Thompson v. TCT Mobile, Inc.*, No.19-

899-RGA-SRF, 2020 WL 1531333, at *10 (D. Del. Mar. 31, 2020) ("[S]uch conclusory

descriptions are not 'plausible and specific factual allegations' that the user interface is inventive

---

[2] Herein, citations to paragraphs 10–24 of the FAC (Dkt. 31) will also apply to the corresponding paragraphs 8–22 of Mr. Rothschild's Declaration (Dkt. 31-3).

[3] The following recitations of the '084 Patent in the FAC were previously included in Contiguity's Opposition to Conduent's MTD1: FAC ¶ 10 (citing 1:65–2:3) *see* Dkt. 10 at p. 4, n.4, 5); FAC ¶ 11 (citing 2:4–5) *see* Dkt. 10 at p. 4, n.5; FAC ¶ 12 (citing 2:6–12) *see* Dkt. 10 at p. 4, n.5; FAC ¶ 13 (citing 3:27–29/Abstract) *see* Dkt. 10 at p. 5, n.10; FAC ¶ 14 (citing 7:11–20) *see* Dkt. 10 at p. 9, n.17; FAC ¶ 16 (referencing Fig. 3b) *see* Dkt. 10 at p. 9; FAC ¶ 17 (citing cl. 1) *see* Dkt. 10 at p. 8; FAC ¶ 20 (citing cl. 1) *see* Dkt. 10 at p. 8; FAC ¶ 21 (citing 2:4–5) *see* Dkt. 10 at p. 4, n.5; FAC ¶ 22 (citing 2:6–12; 3:27–29; 7:11–20) *see* Dkt. 10 at p. 4, n.5; p. 5, n.10; p. 9, n.17).

sufficient to survive step two.") (quoting *Cellspin*, 927 F.3d at 1317); *see also Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

Therefore, the FAC fails to add any new factual allegations, that taken as true, would result in a different outcome.

**B.      The '084 Patent Claims Are Directed To Ineligible Subject Matter**

This Court previously determined that claims 1 and 4 were directed to patent ineligible subject matter, explaining that "the '084 Patent is focused on the abstract concept of collecting and analyzing data, and merely mechanizes concepts capable of resolution by the human brain." Order at 6. Contiguity's FAC pleads no additional facts which would alter the outcome in any way.

**1.      The '084 Patent Claims Merely Recite An Abstract Idea, And Thus Fail *Mayo/Alice* Step One**

Under step one, the court must determine whether the claims are directed to a patent-ineligible abstract idea. *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 132 S.Ct. 1289, 1296–97 (2012); *see also Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). Even considering as true the additional statements in the FAC, the claims of the '084 Patent are merely directed to the use of computers and cameras to automate the commonplace activity performed by law enforcement, ticketing speeding motorists. The "automated" method merely recites the functional steps of collecting information, analyzing it, and displaying/presenting certain results of the collection and analysis, and is directed to an abstract idea.

a)      The '084 Patent Claims Are Directed To Collecting, Analyzing, And Displaying Information, And Merely Automates That Which Is Performed By Humans

The claimed "method of infraction detection" merely comprises a series of conventional data-processing steps which may or may not be performed using generic computer components. Dkt. 31-1 at cl. 1. These steps include (1) "*acquiring* [a] first [and second] imagery of a plurality

of vehicles at a first [and second] location at a first [and second] time;" (2) "***identifying*** a first vehicle from the acquired first [and second] imagery;" (3) "***determining*** the speed of the first vehicle;" (4) "***generating*** a citation signal when the speed of the first vehicle exceeds a predetermined speed;" and (5) "***attempting to transmit*** the citation signal to a device of a person associated with the vehicle." *Id*. (emphasis added). The Federal Circuit has explained that claims directed to "collecting information, analyzing it, and displaying certain results of the collection and analysis" and "fall into a familiar class of claims 'directed to' a patent-ineligible concept." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1352 (Fed. Cir. 2016). In its Order granting the MTD1, this Court determined that "the '084 system collects information (images of a vehicle), analyzes it (compares two images to calculate speed), and displays results (whether or not the vehicle exceeded the speed limit)." Order at 7. Furthermore, the Court explained that the '084 Patent "merely mechanizes concepts capable of resolution by the human brain," such as computing a vehicle's speed using "calculations [that] essentially equate to a human mental process . . ." *Id.* at 6, 8. *See Thales Visionix Inc. v. United States*, 850 F.3d 1343, 1346–47 (Fed. Cir. 2017) (holding "claims ineligible as directed to an abstract idea when they merely collect electronic information, display information, or embody mental processes that could be performed by humans.").

Contiguity's FAC confirms that the Court got it right. For example, the FAC explains that "the images ***captured*** by image capture devices may be ***transmitted*** to a central processor that ***performs image recognition*** . . . to ***determine*** if the same vehicle is in both images. The central processor may also ***compute a speed of a vehicle*** and ***generate a citation*** signal when the speed of the vehicle exceeds a speed limit. The citation signal may be a data signal that includes the speed of the vehicle and/or the difference between the vehicle speed and the posted speed limit." FAC ¶ 15 (emphasis added). Furthermore, the FAC reiterates that which is disclosed in the '084

Patent's specification: that "vehicle speed acquisition and citation" is a conventional method traditionally performed by law enforcement. Dkt. 31 ¶¶ 12, 22; *see also* Dkt. 31-1 at 1:65–2:18. Thus, the process of "***identifying*** a [] vehicle," "***determining*** the speed of the [] vehicle," "***generating*** a citation [] when the speed of the [] vehicle exceeds a predetermined speed," and "***attempting to transmit*** the citation [] to a [] person associated with the vehicle," are all steps that recite the basic human activity used by police to ticket speeding motorists. *See* Dkt. 31-1 at cl. 1 (emphasis added).

The Federal Circuit has made clear that claims directed to "collecting information, analyzing it, and displaying certain results of the collection and analysis" and "fall into a familiar class of claims 'directed to' a patent-ineligible concept." *Elec. Power Grp.*, 830 F.3d at 1352. The FAC fails to include any statements which contradict the conclusion that claims of the '084 Patent fall into the abstract idea category of collecting information.

> b)   The '084 Patent Describes Its Claimed Method In Purely Functional Terms, Applying Only Conventional Generic Computer Technology

Furthermore, the Federal Circuit has instructed that at *Mayo/Alice* step one a court must "ask whether the claims are directed to an improvement to *computer functionality* versus being directed to an abstract idea." *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1258 (Fed. Cir. 2017) (emphasis added) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)). "[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology." *Credit Acceptance Corp. v. Westlak Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017). In order for a claim "directed to a solution to a computer-functionality problem" to pass muster under *Mayo/Alice* step one, an asserted improvement in computer functionality, must have "the specificity required to transform a claim from one claiming only a result to one claiming a way of achieving it." *Ancora Techs., Inc. v. HTC Am., Inc.*, 908

F.3d 1343, 1349 (Fed. Cir. 2018) (citing *SAP Am.*, 898 F.3d at 1055).

The automated method of claim 1 of the '084 Patent ultimately comprises the functional steps of **collecting** information, **analyzing** it, and **displaying** certain results of the collection and analysis. Moreover, the claims do not recite any specific devices or technology that is not conventional or generic. *See* Order at 8 ("[T]he '084 Patent describes its method in purely functional terms . . . [and i]n doing so, the claims are 'directed to the use of conventional or generic technology in a nascent but well-known environment, without any claim that the invention reflects an inventive solution to any problem presented by combining the two.'").

Again, the FAC confirms the Court's conclusions. The FAC states "the '084 Patent discloses a system and method whereby, 'when a speed of a vehicle exceeds a speed limit, a citation signal is generated, and the vehicle owner may be automatically cited for speeding.'" Dkt. 31 ¶ 13. The FAC also explains, the method comprises functional steps, such as "'**generating** a citation signal when the speed of the first vehicle exceeds a predetermined speed' and '**attempting to transmit** the citation signal to a device of a person associated with the vehicle' . . ." *Id.* ¶ 20 (emphasis added). The '084 Patent merely automates the manual process of infraction detection using generic cameras and computer technology. Indeed, none of the limitations of claim 1 require any specific devices or computer components and the specification only discloses generic cameras and computer technology. The FAC fails allege otherwise. *See e.g.*, FAC ¶¶ 14 ("**the system** determines if the speed limit has been exceeded by the identified vehicle"), 15 ("images captured by **image capture devices** may be transmitted to **a central processor** that performs image recognition on the various images captured by the image capture devices . . ."), 16 ("Using **image-based devices** to capture the image of the vehicle . . ."). None of the newly added statements in the FAC include allegations that the claims are not "directed to the use of conventional or generic

technology in a nascent but well-known environment." Order at 8.

        c)      <u>The FAC Alleges That The Claimed Method Is An Improvement</u>
                   <u>Over The Prior Art, But Novelty Is Irrelevant Under § 101</u>

Contiguity's repeated assertions that the claimed invention is a "solution" and an "advantage" or "improvement" over the prior art is irrelevant to the § 101 inquiry because the allegations are simply that "claimed process merely automates that which can be done manually." *Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019). This Court has already rejected these arguments and the Federal Circuit has consistently held that claims purporting to "improve" previous methods by using computers to automate activities which can be manually performed by humans are abstract ideas and are ineligible. *See NetSoc, LLC v. Match Group, LLC*, 838 F. App'x. 544, 549 (Fed. Cir. 2020) ("[T]he '107 patent claims are quintessential 'apply it with a computer' claims."); *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1319 (Fed. Cir. 2021) (finding that claims fail conclusory step two where they merely automate or otherwise make more efficient traditional ... methods.) (internal quotations omitted); *see also Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019).

Recently, last month, in *In re AuthWallet, LLC,* the Federal Circuit affirmed the district court's finding that the claims were patent ineligible. No. 2022-1842, 2023 WL 3330298 (Fed. Cir. May 10, 2023). Specifically, in granting Defendant's motion to dismiss, the district court explained, "the '852 Patent simply describes that that conventional business practice may be effected by technology rather than by hand . . . the claims of the '852 patent failed under *Alice* step one." *Id.* at *2. The Federal Circuit agreed with the district court's analysis under step one and also explained that the claims also fail under *Alice* step two because they "recite well-known and conventional ways to perform authentication and to apply discounts, concepts that are not inventive." *Id.* at *4.

Contiguity's FAC does not provide any factual allegations, that if taken as true, would refute the Court's previous conclusion. *See* Dkt. 31 ¶¶ 12, 21–24. However, Mr. Rothschild does make several conclusory statements and boilerplate allegations that are essentially, legal conclusions. *See e.g.*, *id.* ¶ 18 ("These inventive concepts are captured in the . . . steps of Claim 1 of the '084 Patent, both individually and in combination."); *see also id.* at 14–17. However, courts need not accept as true, boilerplate or conclusory allegations that the claims are directed to an "inventive concept" or are not "routine or conventional." *See Boom! Payments, Inc. v. Stripe, Inc.*, No. 19-cv-00590-VC, 2019 WL 6605314, at *1 (N.D. Cal. Nov. 19, 2019) ("Boom insists that factual allegations in the complaint preclude dismissal, but some of the allegations it points to are legal conclusions . . . . For example, the Court is not bound by Boom's assertion that the claims do not merely recite computers carrying out business practices that could plausibly be performed by humans."). *See Secured Mail Sols., LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017); *see also IPA Techs., Inc., v. Amazon.com, Inc.*, 352 F. Supp. 3d 335, 349 (D. Del. 2019) ("I am not required to treat boilerplate allegations that the claims are directed to new computer functionality and improvements to technological processes as true where those allegations contradict the language of the claims and specification. Moreover, these boilerplate allegations do not change the fact that the 'specification is replete with references to implementing the claims using conventional technology.'") (internal citations omitted).

Mr. Rothschild's assertions that because there are safety concerns for officers performing this activity as well as other motorists, automation of this activity via computers and cameras, "reduces danger to police officers and motorists" and thus, an "improvement over the prior art." Dkt. 31 ¶¶ 12, 21–24. Furthermore, the FAC states "[t]he method claimed in [] the '084 Patent was more efficient and less error-prone than conventional methods . . . which relied on "personal

observation." *Id.* ¶ 19. However, these are the same arguments Contiguity made earlier in response to Conduent's MTD1, arguments which the Court has already considered and dismissed. *See generally*, Dkt. 10 at 4, 7–10; *see* Order at 7–10.

As explained previously in Conduent's MTD1, Contiguity's allegations regarding "improvements" improperly imported limitations into the claims. For example, Contiguity previously alleged that the "claimed improvement" includes the step of "automatically issuing a citation[]" to a vehicle's owner. Dkt. 10 at 12. Conduent reiterates this allegation in the FAC. Dkt. 31 ¶¶ 13–14. However, as Conduent pointed out before, none of the independent claims include this "automatic" limitation as part of the final step, which in actuality recites: "*attempting to transmit* the citation signal to a device of a person associated with the vehicle.*" Dkt. 16 at 11.[4]

Contiguity also previously argued that "a claimed improvement, [was] namely [] in 'providing accurate information concerning congestion.'" Dkt. 10 at 11. Again, none of the claims recite limitations that address this concept, yet these arguments are repeated in the FAC. Dkt. 31 ¶¶ 11, 21–23. Contiguity takes statements from the specification and alleges they are "claimed" in its effort to convince the court that the claims of the '084 Patent are patent eligible. The Federal Circuit has explained that this is improper. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019); *see also Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013).

Still, Contiguity's focus appears to be on the '084 Patent's specification, rather than the claims. Contiguity fails to allege any facts, that if taken as true, reveal that the claims themselves are directed to patent eligible subject matter. Indeed, the claims are directed to "determining

---

[4] For Conduent's Reply to MTD1 (Dkt. 16), all citations will be in reference to the page number(s) set forth in a document's ECF header.

vehicle speed and ticketing speeding motorists," and even when considered in light of the specification, reveals that "character of the claim as a whole . . .[are] directed to excluded subject matter. *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019).

For these reasons, the '084 Patent claims are directed to an abstract idea under step one.

### 2.   The Claims Fail to Recite An Inventive Concept, And Thus, Fail Step Two Of The *Mayo/Alice* Test

The Supreme Court has described step two "as a search for an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice mounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 573 U.S. at 217–18 (internal quotations omitted). Contiguity's alleged inventive concepts are nothing more than the same abstract ideas identified at step one, and the FAC confirms as much.

#### a)   The FAC Fails to Plead that the Claims Recite an Inventive Concept

The FAC makes conclusory statements that the functional steps of claim 1 (i.e., "generating a citation signal" and "attempting to transmit the citation signal") recite an inventive concept, but these are merely boilerplate allegations and do not provide an explanation as to why these steps are "inventive concepts . . . both individually and in combination." Dkt. 31 ¶ 20. The only related statements proffered by Mr. Rothschild, are in regards to the '084 Patent's file history. Specifically, Mr. Rothschild explains that during prosecution of the '084 Patent's application, the Applicant argued that "the prior art did not disclose or suggest the [] steps of 'generating a citation signal' and 'attempting to transmit the citation signal.'" *Id.* ¶¶18–19. However, this reasoning does not mean that the functional steps of claim 1 are "inventive concepts."

First, Contiguity fails to provide the prosecution history or any additional context to these alleged assertions made by the Applicant. And more importantly, the FAC fails to provide any explanation of what the outcome was following these purported arguments. Second, even if we

were to assume (1) that this argument was made in response to a 35 U.S.C. §§ 102 or 103 rejection and (2) that this argument was successful in overcoming that rejection, it does not change the fact that novelty is irrelevant under a § 101 analysis. *See S.I.SV.EL. Societa Italiana per lo Sviluppo Dell'Elettronica S.P.A. v. Rhapsody Int'l*, Nos. 18-69-MN-CJB, 2019 WL 1785429, at *6, n.7 (D. Del. Apr. 24, 2019) ("[T]he fact that 'Patent Office issued the patent,' standing alone, is not enough to demonstrate that the claims contain an inventive concept. Novelty is not eligibility.") (citing *SAP Am., Inc. v. Investpic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018)); *see also Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1364 (Fed. Cir. 2020) ("'[A] claim for a *new* abstract idea is still an abstract idea.'") (emphasis in original; quoting *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016)).

Moreover, these allegations that "improvements over the prior art" are evidence of "inventive concepts" have already been addressed by this Court. *See* Dkt. 10 at 10–11; *see also* Order at 6, 9. Contiguity's alleged inventive concepts are merely rephrasing the abstract idea and saying it is an inventive concept, which does not make it so. *Wireless Discovery LLC v. eHarmony, Inc.*, Nos. 22-480-GBW, 22-484-GBW, 2023 WL 1778656 at *11 (D. Del. Feb. 6, 2023) (citing *Trading Techs.*, 921 F.3d at 1093 ("[t]he abstract idea itself cannot supply the invention concept, 'no matter how groundbreaking the advance.'") (internal citations omitted)).

> b)   Contiguity Fails To Cite To Any Factual Allegations That The Claimed Solution Was Not Conventional

The '084 Patent's alleged "improvement over the prior art" is merely the application of computers and cameras to automate the ticketing of speeding motorists, resulting in an "automated" method comprising the functional steps of collecting information, analyzing it, and displaying/presenting certain results. None of the claim elements individually or as an ordered combination transform the claim into patent eligible subject matter. *Alice*, 573 U.S. at 217 (internal

quotations omitted). Simply appending conventional steps, specified at a high level of generality, is not enough to supply an "inventive concept." *Id.* at 222 (internal quotations omitted).

The Court has already addressed Contiguity's "inventive concept" assertions:

> Plaintiff's claims do not describe an inventive concept. At their essence, claims 1 and 4 describe a method to assess a vehicle's speed: Plaintiff's devices acquire images of a vehicle at two different points, identify the vehicle in both images as one and the same, determine the vehicle's speed using basic arithmetic, and then either generate a citation or transfer this information to a "subscriber," oftentimes law enforcement. Claims 1 and 4 effectively digitize a mathematical equation (speed = distance ÷ time) but fail to provide any technical detail on how the invention goes beyond plugging in collected data to that equation.

Order at 9.

Furthermore, nothing included in the FAC amounts to a factual allegation that claim 1 requires anything other than "off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information." *Electric Power*, 830 F.3d at 1355; *see* FAC ¶¶ 15–16. The use of generic computer technology and cameras, which was readily available at the time of the claimed invention, cannot amount to an "inventive concept" that could "transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 573 U.S. at 223.

Even if Contiguity's conclusory allegations regarding the use of cameras and computers for "automating" the method was a sufficient factual allegation, the combination of elements does not supply a sufficiently inventive concept. Importantly the Court has already explained "the claims do not cover the specific camera system used in the devices, the vehicle system that integrates the images with a navigation system, nor the technology that automatically generates a citation. Even if Plaintiff is correct that it was the first to digitize detecting traffic infractions, ***without providing additional details of the unique collection methods—perhaps the camera, the means of reporting the data or the communication system—or algorithm,*** the claims merely

embody an abstract concept." Order at 9–10. Contiguity's FAC provides none of this. Therefore, the claims of the'084 Patent do not recite any inventive concepts under step two of the *Alice/Mayo* framework. The claims are invalid under 35 U.S.C. § 101.

### C.    Contiguity's Infringement Allegations Should Be Dismissed Because They Are Predicated on Interpretations Not Supported Under 35 U.S.C. § 112.

A claim of patent infringement requires every limitation of a patent claim to be met either literally or under the doctrine of equivalents. *Intendis GMBH v. Glenmark Pharms. Inc.*, 822 F.3d 1355, 1360 (Fed. Cir. 2016). Courts dismiss complaints at the pleading stage where a plaintiff has failed to plausibly allege infringement as to every element of at least one claim. *See De La Vega v. Microsoft Corp.*, Nos. W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020); *Bartonfalls LLC v. Turner Broad. Sys., Inc.*, No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *11 (N.D. Tex. July 2, 2021).

But, even when a complaint provides sufficient factual statements, a plaintiff may still fail to plausibly state a claim where (1) the infringement allegation rests on an implausible claim construction, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018), or (2) "the factual allegations are actually inconsistent with and contradict infringement," *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). Both bases for dismissal apply here, just as they did for the original Complaint. The FAC makes no amendments to its infringement allegations (paragraphs 26–33) and only includes minor changes to the claim chart, such as the addition of two new screenshots (pages 4 and 5) as well as various underlining. *See* Dkt. 31-2.[5]

Importantly, Contiguity's updated claim chart does not address the issues raised by

---

[5] The only other revisions to the claim chart simply involve enlarging portions of the existing screenshots on page 3, pasting duplicate screenshots on pages 1, 4, and 6, and moving dependent claim 4 to the end of the chart. Compare Dkt.31-2 to Dkt. 1-2.

Conduent in its MTD1. *See* Dkt. 7 at 14–20; *see also* Dkt. 16 at 16–18. The "evidence" proffered

for the limitations, "at a first location" and "at a second location" still shows only one location for

the captured images. Although, Contiguity did enhance a portion of the screen shot and then

underline the addresses of the two images:



*Id.* at 3. The addresses of the captures images are identical and the camera frame is the same.

This is a single camera capturing images from a single location.

Contiguity's assertion of infringement must be based on (1) an implausible claim

construction or (2) facts inconsistent with literal infringement. Either way, its FAC should be

dismissed. *See ALD Social, LLC v. Verkada, Inc.*, No. 23-cv-00049-JSC, 2023 WL 1802418, at *5

(N.D. Cal. Feb. 7, 2023) ("Plaintiff's claim charts prove too much. Plaintiff either pleads an

implausible construction ("people" are "wireless devices") or a potentially plausible construction

("cameras" are "wireless devices") inconsistent with infringement.") (citing *Bot M8 LLC*, 4 F.4th

at 1354 ("Plaintiff 'pleaded itself out of court' with its detailed claim charts."))[6]

---

[6] Notably, Plaintiff's counsel here was the same counsel involved in the *ALD Social* case, and the approaches to pleading in the two cases involve similar generic cover pleadings and nonspecific claim charts.

For Contiguity's allegation of infringement to succeed, the Court must construe "first location" and "second location" as being the same location. However, this is impermissible because it violates the fundamental canon of claim construction, that different terms are presumed to mean different things. *See, e.g.*, *Simpleair v. Sony Ericsson Mobile Commc'ns*, 820 F.3d 419, 431 (Fed. Cir. 2016).

Contiguity has not disputed that the claim terms "first location" and "second location" mean different things, and therefore at a minimum require that the first and second images be captured from different locations. The remaining dependent claims confirm this fact. In Claim 5, for example, the '084 Patent is clear that the speed of a vehicle is calculated based on a distance between the first location and the second location. Dkt. 31-1 at cl. 5; *see also id.* at indep. cls. 8, 15 (require two image capture devices at the different locations).

This interpretation, which is the only plausible interpretation, is fully consistent with the specification of the '084 Patent. In describing the embodiments of the invention, the '084 Patent never describes a way to calculate speed other than by determining the amount of time that has elapsed for two images captured from cameras with a known spacing from each other. *See, e.g.*, *id.* at 2:22–59. Figure 1 likewise illustrates two cameras (130) spaced apart to capture images at different times:



**FIG. 1**

*Id.* at Fig. 1 (annotated). Furthermore, Figure 4, the only flow chart describing the process of determining speed recited in method claim 1, is specific that images are captured at a "first location" and a "second location." *Id.* at Fig. 4. The specification describes how this is done: "The speed of the vehicle is determined at block 420. The speed can be determined from the ratio of the distance between the first and second location and the difference between the first time and the second time." *Id.* at 7:8–11.

Thus, in *each* embodiment, the images are captured by devices at different locations, and the speed of a vehicle is determined based in part of the distance between the devices. Under any plausible claim construction, a system only practices the method of claim 1 if it uses images captured from two different locations; any construction to the contrary is not only inconsistent with the specification, but would lack written description support and would thus be improper.

Because the pleadings of the FAC, assert infringement based solely on a pair of images taken from the same camera, it does not state a claim for direct infringement that is based on a

18

plausible claim construction, and dismissal is appropriate. *See De La Vega*, 2020 WL 3528411, at *6 (dismissing infringement count where plaintiff "only presented three screenshots of evidence without explaining how that evidence shows that [defendant] (and/or a third-party) performs" a claimed step); *see also Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met.")

Like the original Complaint, the FAC asserts, in a conclusory fashion, that Conduent infringes "literally or [under/by] the doctrine of equivalents." *See* Dkt. 31 ¶¶ 26, 27, 30; *see also* Dkt. 1 ¶¶ 11, 12, 15. This is the full extent of Contiguity's doctrine of equivalents allegations. Such conclusory doctrine of equivalents allegations fail to move the needle on the implausibility of Contiguity's pleadings. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (declining to credit "allegations that merely restate the legal elements of a claim"); *Soar Tools*, 2021 WL 3030066, at *6. Nor could a single camera ever be an equivalent to multiple cameras; the way such a system would work is substantially different, as in a single-camera system, the distance-between-cameras concept at the heart of the '084 Patent's purported invention is simply irrelevant.

The Court should dismiss Contiguity's FAC for failing to adequately allege infringement of all limitations of a single claim of the '084 Patent.

**D.     There is No Basis To Allege Pre-Suit Knowledge Of The '084 Patent In The FAC**

Like the original Complaint, Contiguity's FAC fails to plead *any fact* to support the conclusion that Conduent was aware, pre-suit, of Contiguity's belief that any Conduent acts

constituted patent infringement. *See* Dkt. 7 at 7, 20–21; *see also* Dkt. 16 at 6, 18. Therefore, this Court should dismiss any pre-suit indirect infringement claims. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *see also Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020).

> ### E.   The Court Should Not Grant Contiguity Leave To Amend Its Complaint Again

If the Court determines that Contiguity's attempt to resolve the patentability issues by amending its original Complaint have failed, further re-pleading on that point would be futile. Courts have dismissed cases with prejudice when a second attempt to resolve the same dispute proves unsuccessful. *See Thompson*, 2020 WL 1531333, at *10 ("The Court recommends that dismissal with prejudice is appropriate here. Plaintiff has already amended his complaint twice, and the second time was an attempt to resolve the same patentability issues in response to the first motion to dismiss based on Section 101."); *see also ChargePoint*, 920 F.3d at 775 (affirming prejudicial dismissal of complaint on a Section 101 motion to dismiss where the plaintiff "ha[d] not identified any alleged facts that could be pleaded that would cure the deficiencies in the complaint"); *Citrix Sys., Inc. v. Avi Networks, Inc.*, 363 F. Supp. 3d 511, 525 (D. Del. 2019) (granting Section 101 motion for dismissal with prejudice due to futility).

## V.   CONCLUSION

This Court has already determined that the '084 Patent is invalid under 35 U.S.C. § 101 and Contiguity's FAC fails to plead any new factual assertions that, taken as true, change the outcome. Furthermore, Contiguity's FAC fails to add any additional statements regarding the infringement allegations that Conduent asserts are not supported under 35 U.S.C. § 112. Similarly, the FAC lacks any support for any pre-suit notice, meaning that any pre-suit indirect infringement

allegations are not supported by plausibly alleged facts. Conduent's second Motion to Dismiss should again be granted, and the FAC should be dismissed without leave to amend.

June 26, 2023                                          Respectfully submitted,

By: /s/ *Melissa R. Smith*
Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Benjamin E. Weed (admitted *pro hac vice*)
Melissa M. Haulcomb (admitted *pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 781-7166
Fax: (312) 827-8000
benjamin.weed@klgates.com
melissa.haulcomb@klgates.com

*Attorneys for Defendant Conduent Business Services, LLC.*

## **CERTIFICATE OF SERVICE**

I declare that on June 26, 2023 a copy of this document has been served by the Court's CM/ECF system on all counsel of record who have made an appearance in this case and consented to email service.

*/s/ Melissa R. Smith*
Melissa R. Smith