**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| CONTIGUITY, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>CONDUENT BUSINESS SERVICES, LLC,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-23-CV-00038-XR |

**ORDER**

On this date, the Court considered Defendant's motion to dismiss Plaintiff's first amended complaint (ECF No. 34), Plaintiff's response (ECF No. 38), and Defendant's reply (ECF No. 39). After careful consideration, the Court **GRANTS** Defendant's motion.

**BACKGROUND**

Plaintiff Contiguity, LLC ("Contiguity") is the assignee of all right, title, and interest in U.S. Patent No. 8,031,084 (the "'084 Patent" or the "asserted patent") which was issued on October 4, 2011. ECF No. 31-1. The '084 Patent is titled "method and system for infraction detection based on vehicle traffic flow data" and is used to monitor vehicle speeds. *Id.* The '084 Patent allegedly solves the need for ticketing speeding motorists "without jeopardizing the safety of police and other motorists, and without requiring the presence of a police officer to actually witness the speeding." ECF No. 31-1 at 2:15–18. The '084 Patent provides a "method and system for detecting and reporting a speeding infraction by a vehicle." *Id.* at 2:22–24. Specifically, the asserted patent's first claim discloses a method of infraction detection performed by acquiring multiple images of a vehicle at different locations along a route, using those images to determine the speed of the vehicle, and generating a "citation signal" when the speed of the vehicle exceeds a predetermined

speed. *See id.* at 8:5–18. The "citation signal" may include a license tag of the vehicle and the location of the vehicle. *Id.* at 8:5–26.

On January 20, 2023, Contiguity filed suit alleging direct and induced infringement by Defendant Conduent Business Services, LLC ("Conduent") of the '084 Patent. ECF No. 31. Specifically, Contiguity contends that Conduent infringes claims 1[1] and 4[2] of the '084 Patent (the "asserted claims") by creating a similar system that uses video and radar to track, document, and report vehicles' speed while traveling through an enforcement zone. ECF No. 31-2. On February 14, 2023, Conduent moved to dismiss Contiguity's complaint. ECF No. 7. The Court subsequently granted Conduent's motion to dismiss, holding Contiguity failed to allege infringement of any valid claims in the '084 Patent but giving Contiguity leave to amend. ECF No. 27.

On June 9, 2023, Contiguity filed its first amended complaint ("FAC"), adding additional facts pulled from a declaration obtained from the '084 Patent's inventor but reasserting its same infringement theories. *See* ECF No. 31.[3] Conduent again moves to dismiss under Rule 12(b)(6), advancing three primary arguments in support of its motion. ECF No. 34. First, Conduent again contends that the '084 Patent's claims fail the *Alice*/*Mayo* two step analysis and are thus invalid under 35 U.S.C. § 101. *Id.* at 1–9. Second, Conduent argues that Contiguity has not plausibly

---

[1] Claim 1 provides: A method of infraction detection based on vehicle traffic flow data, the method comprising:

> acquiring first imagery of a plurality of vehicles at a first location at a first time;
> acquiring second imagery of a plurality of vehicles at a second location at a second time;
> identifying a first vehicle from the acquired first imagery and the acquired second imagery;
> determining a speed of the first vehicle;
> generating a citation signal when the speed of the first vehicle exceeds a predetermined speed; and
> attempting to transmit the citation signal to a device of a person associated with the vehicle.

ECF No. 31-1 at 8:6–18.

[2] Claim 4 is dependent on claim 1 and reads: "The method of claim 1, wherein the citation signal includes a license tag of the first vehicle and a location of the vehicle." ECF No. 31-1 at 8:24–26.

[3] As it did in its original complaint, Contiguity again only identifies claims 1 and 4 in its FAC and claim chart. ECF Nos. 31, 31-2. No other claims are at issue.

alleged infringement of each limitation of at least one exemplary claim. *Id.* at 9–10. Third, Conduent argues that Contiguity has not properly alleged pre-suit knowledge of the ’084 Patent sufficient to support any pre-suit indirect infringement claims. *Id.* at 10.

## DISCUSSION

### I. Legal Standard

#### *a. Moton to Dismiss*

In patent cases, issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). But because motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) raise purely procedural issues, courts apply the law of the regional circuit—here, the Fifth Circuit—when deciding whether such a motion should be granted. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for “failure to state a claim upon which relief can be granted.” To survive a motion to dismiss, “a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain “more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II. Analysis

It is black-letter law that "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). Indeed, to plausibly allege direct infringement, a party must plausibly allege infringement of each element of at least one exemplary claim to survive a motion to dismiss. *UTTO Inc. v. Metrotech Corp.*, 646 F. Supp. 3d 1180, 1184 (N.D. Cal. 2022); *see also Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013) ("To establish liability for direct infringement of a claimed method or process under 35 U.S.C. § 271(a), a patentee must prove that each and every step of the method or process was performed."); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss where direct infringement allegations failed to allege an infringing product met each limitation of an asserted claim). Moreover, as Conduent contends, a plaintiff fails to plausibly state a cause of action where its theory of infringement rests on an implausible claim construction, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018), or where "the factual allegations are actually inconsistent with and contradict infringement," *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).

Here, Contiguity fails to adequately plead Conduent's allegedly infringing system practices both of the '084 Patent's "acquiring" limitations that require (1) "acquiring first imagery of a plurality of vehicles *at a first location* at a first time" and (2) "acquiring second imagery of a plurality of vehicles *at a second location* at a second time." ECF No. 31-1 at 8:8–11 (emphasis added). In particular, Contiguity's claim chart[4] alleges that Conduent's system uses only one camera to capture images of passing vehicles from a single location. *See* ECF No. 31-2 at 4. Yet, this allegation is simply inconsistent with infringement of the '084 Patent as the two "acquiring" limitations require that the imagery be collected "at a first location" and then "at a second location." ECF No. 31-1 at 8:8–11. This distinction is not a mere technicality.

A fundamental canon of claim construction requires that different terms are presumed to have different meanings. *SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*, 820 F.3d 419, 431 (Fed. Cir. 2016). In effect, Contiguity's theory of infringement asks that this Court construe "at a first location" and "at a second location" to refer to only one camera at one location. But this argument betrays the clear import of the '084 Patent's claims and specification. *See* ECF No. 31-1 at 7:1–11 ("FIG. 4 is a flow chart of an exemplary process for vehicle traffic speed violation detection and citation in accordance with the principles of the present invention. In block 405, a first image is acquired *at a first location* at a first time. At block 410, a second image is acquired *at a second location* at a second time. At block 415, an identity of a vehicle appearing in both the first and second images is acquired. The speed of the vehicle is determined at block 420. *The speed can be determined from the ratio of the distance between the first and second location and the difference between the first time and the second time*." (emphasis added)); *see also id.* at 5:1–3, 8:27–30. Here, the only plausible construction is that "at a first location" and "at a second location"

[4] Contiguity incorporated its claim chart by reference into its first amended complaint. ECF No. 31 ¶ 31.

refer to two cameras each at two different locations; however, Contiguity only plausibly alleges that Conduent's system captures images at one location with one camera. ECF No. 31-2 at 4. "Where, as here, the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).

Of course, Contiguity contends the Court should avoid prematurely ruling on an alleged claim construction issue at this stage, arguing it has sufficiently alleged infringement to survive a motion to dismiss. ECF No. 38 at 15 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). However, Contiguity fails to identify any alternative plausible construction of the "acquiring" limitations in its briefing that might justify waiting for the benefit of claim construction. *Id.* at 14–15. Indeed, the Court cannot ignore that Contiguity's allegations of infringement rely on an impermissible construction of the '084 Patent's claims to which Contiguity has no meaningful response. *See ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 979–81 (N.D. Cal. 2023) (granting motion to dismiss where a plaintiff alleged "an implausible construction . . . or a potentially plausible construction . . . inconsistent with infringement").

In sum, Contiguity's allegations refute its claims of infringement, plausibly alleging only that Conduent's allegedly infringing system uses only one camera at a single location to capture images of passing vehicles. *See* ECF No. 31-2 at 4.[5] Contiguity pleads itself out of court, alleging a direct infringement theory that is incompatible with any plausible construction of the asserted claims.[6]

[5] In addition, it appears undisputed that the doctrine of equivalents would not save Contiguity's claims. *See* ECF No. 34 at 19; ECF No. 38 at 14–15.

[6] Though the Court previously dismissed Contiguity's complaint on 35 U.S.C. § 101 invalidity grounds, ECF No. 27, Contiguity's failure to adequately plead infringement of the '084 Patent is an independently sufficient ground for dismissal. As such, the Court will forgo belaboring the § 101 issue again.

In addition, given the necessary dependence of Contiguity's induced infringement theory on its direct infringement theory, it follows that Contiguity has failed to plausibly allege induced infringement. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" (quoting *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed.Cir.2004) (alteration in original)).

Though Contiguity requests that any dismissal be without prejudice, the Court has already granted Contiguity leave to amend once, and Contiguity has identified no facts that might cure its pleading deficiencies. *See* ECF No. 38 at 15. Tellingly, Contiguity's amended complaint made no changes to address this same infringement issue previously identified by Conduent. *Compare* ECF No. 1 *and* ECF No. 7 at 14–20 *with* ECF No. 31 *and* ECF No. 34 at 15–19. Thus, the Court's dismissal will be with prejudice. *See Sinclair v. Petco Animal Supplies Stores, Inc.*, 581 F. App'x 369, 371 (5th Cir. 2014).

## CONCLUSION

For the foregoing reasons, Defendant Conduent's motion to dismiss is **GRANTED**. As it appears that Plaintiff Contiguity can plead no additional facts to sufficiently allege infringement of the '084 Patent, the Court will deny Plaintiff Contiguity leave to amend. Plaintiff Contiguity's first amended complaint is **DISMISSED WITH PREJUDICE**. A final judgment will issue separately pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 22nd day of January, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE